Alan M. Mansfield (SBN: 125998)
**WHATLEY KALLAS, LLP**
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste. 400
San Diego, CA 92127
Telephone: 619- 308-5034
Fax: 888-341-5048
Email: amansfield@whatleykallas.com

[additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **JACQUELINE VORPAHL, Ph.D.; KARA NIELSON, LCPC; and BILL DESIENA, LCSW,** on behalf of themselves and all others similarly situated and for the benefit of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>**7 CUPS OF TEA, CO.**, and **DOES 1-10**,<br><br>Defendants. | **Case No.**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **THE LANHAM ACT, SECTION 43(A)(1)(A), 15 U.S.C. § 1125(A)(1)(A);**<br><br>(2) **THE LANHAM ACT SECTION 43(A)(1)(B), 15 U.S.C. § 1125(A)(1)(A);**<br><br>(3) **THE UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*;**<br><br>(4) **THE FALSE ADVERTISING LAW, CAL. BUS. AND PROF. CODE §§ 17500, *ET SEQ.*;**<br><br>(5) **MISAPPROPRIATION OF NAME OR LIKENESS, CAL. CIV. CODE § 3344 AND COMMON LAW;**<br><br>(6) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br><br>(7) **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND**<br><br>(8) **UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED ON ALL CAUSES OF ACTION SO TRIABLE** |

Plaintiffs Jacqueline Vorpahl, Ph.D., Kara Nielson, LCPC, and Bill DeSiena, LCSW, ("Plaintiffs") on behalf of themselves and all others similarly situated and for the benefit of the general public as applicable, assert the following against Defendant 7 Cups of Tea, Co. ("7 Cups" or "Defendant") and DOES 1-10 inclusive, based upon personal knowledge where so identified and otherwise on information and belief formed after an inquiry reasonable under the circumstances and the investigation of counsel, which allegations will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

## SUMMARY OF ALLEGATIONS

1.      Defendant 7 Cups is an online direct-to-consumer mental health platform that offers online counseling and therapy services to consumers (the "Service") through its network of "listeners" and therapists who use the platform for online interactions.

2.      This is a class action lawsuit brought on behalf of a nationwide class of licensed clinical psychologists, licensed clinical professional counselors, licensed clinical social workers and other licensed therapists to seek redress for 7 Cups' improper, unauthorized, and illegal posting of their professional profiles on www.7Cups.com without those individuals' express prior authorization or consent.

3.      As detailed herein, 7 Cups took such actions that had the purpose and/or effect of diverting the actual and prospective patients and clients of licensed clinical psychologists, licensed clinical professional counselors, licensed clinical social workers and other licensed therapists to other individuals employed by or otherwise affiliated with 7 Cups, many of whom have virtually no formal training or licensing required to perform such services. 7 Cups' actions violate several statutory and common law doctrines, including the federal Lanham Act, 15 U.S.C. § 1125(a)(1)(A), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL"); California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* (the "FAL"); misappropriation of name or likeness under Cal. Civ. Code § 3344, and common law doctrines such as misappropriation, intentional and negligent interference with prospective economic advantage and unjust enrichment.

4.      As a result of 7 Cups' acts and omissions detailed herein, Plaintiffs seek remedies on

CLASS ACTION COMPLAINT

their own behalf and on behalf of all those similarly situated for violations of the aforementioned statutes and common law doctrines and for the benefit of the general public, as applicable.

**PARTIES**

**A.      Plaintiffs**

5.      On personal knowledge, Plaintiff Jacqueline Vorpahl, Ph.D., is a resident of the Commonwealth of Massachusetts and a licensed clinical psychologist, with over 30 years of experience. Plaintiff Vorpahl uses a scientific approach to treatment and specializes in treating individuals over the age of 13 who are struggling with intense emotions.

6.      On personal knowledge, Plaintiff Vorpahl recently learned that 7 Cups posted her professional profile on www.7Cups.com as part of its online "provider directory" without her express authorization or consent. She did not agree to be, and does not want to be, listed on 7 Cups' online provider directory. Plaintiff Vorpahl believes her profile on 7 Cups' online directory was copied from a previous version of her profile published on *Psychology Today's* directory and from a previous employer's website. Based on this unlawful conduct, Plaintiff Vorpahl suffered economic injury by having prospective patients and clients diverted from her practice to individuals employed by or otherwise affiliated with 7 Cups**.** Over the approximately last 18 months, Plaintiff Vorpahl's referrals and caseload have substantially decreased.

7.      Plaintiff Vorpahl believes 7 Cups engaged in the foregoing conduct with the purpose and/or effect of diverting her prospective patients and clients to other individuals employed by or otherwise affiliated with 7 Cups.  She also reasonably believes she is subject to the continued risk of ongoing or future harm from 7 Cups' ongoing improper conduct absent further action from the Court.

8.      On personal knowledge, Plaintiff Kara Nielson, LCPC, is a resident of the State of Idaho and a Licensed Clinical Professional Counselor, with over seven years of experience.

9.      Plaintiff Nielson provides a safe space for mental health counseling to the LGBTQIA individuals and to individuals in communities of color.

10.      On personal knowledge, Plaintiff Nielson learned that 7Cups had posted her professional profile on www.7Cups.com as part of its online "provider directory" without her

2
CLASS ACTION COMPLAINT

knowledge or consent. In reviewing the posting, she realized that the profile had been taken virtually verbatim from the profile she listed on *Psychology Today.*

11.    Plaintiff Nielson did not agree to be, and does not want to be, listed on 7 Cups' online provider directory. Based on this unlawful conduct, Plaintiff Nielson suffered economic injury by having her prospective patients and clients diverted from her practice to individuals employed by or otherwise affiliated with 7 Cups. Plaintiff Nielson previously received between two to six referrals a month from her listing on *Psychology Today.* Between November 2023 and April 2024, Plaintiff Nielson received 18 total referrals from *Psychology Today.* In contrast, during that same period from November 2024 through April 2025, she only received 3 referrals from her listing on *Psychology Today.*

12.    Plaintiff Nielson believes 7 Cups engaged in the foregoing conduct with the purpose and/or effect of diverting her prospective patients and clients to other individuals employed by or otherwise affiliated with 7 Cups.  She also reasonably believes she is subject to the continued risk of ongoing or future harm from 7 Cups' ongoing improper conduct absent further action from the Court.

13.    On personal knowledge, Plaintiff Bill DeSiena, LCSW is a resident of the State of New Jersey and a Licensed Clinical Social Worker, with over seven years of experience. DeSiena primarily treats adults who have experienced trauma, PTSD, and/or grief. He specializes in men's issues, empowering men who are experiencing vulnerability and who are seeking new ways of communicating.

14.    On personal knowledge, Plaintiff DeSiena recently learned that 7 Cups posted his professional profile on www.7Cups.com as part of its online "provider directory" without his express authorization or consent. In reviewing the profile, he realized that it had been taken virtually verbatim from the profile he had posted on *Psychology Today,* with only minimal changes. For example, the 7 Cups posting spelled his name with a small letter "s," as "Desiena," rather than the correct spelling with a capital "S."

15.    Plaintiff DeSiena did not agree to be, and does not want to be, listed on 7 Cups' online provider directory. Based on this unlawful conduct, Plaintiff DeSiena suffered economic injury by

CLASS ACTION COMPLAINT

1  having his prospective patients and clients diverted from his practice to individuals employed by or

2  otherwise affiliated with 7 Cups.

3      16.     Plaintiff DeSiena has experienced a decrease in referrals from the *Psychology Today*

4  directory from 60 in 2021, 52 in 2022, 59 in 2023 to 45 in 2024.

5      17.     Plaintiff DeSiena believes 7 Cups engaged in the foregoing conduct with the purpose

6  and/or effect of diverting his prospective patients and clients to other individuals employed by or

7  otherwise affiliated with 7 Cups.  He also reasonably believes he is subject to the continued risk of

8  ongoing or future harm from 7 Cups' ongoing improper conduct absent further action from the Court.

9  **B.     Defendant**

10     18.     Defendant 7 Cups is a Delaware corporation with its principal office or place of

11  business located in Palo Alto, California.

12     19.     7 Cups operates in and from California through its website www.7Cups.com.  The

13  company claims on its website to have provided its Service to over 25 million consumers

14  nationwide[1], with all or a significant portion of its operations and primary decision making

15  emanating out of its corporate offices in Palo Alto, California.

16     20.     The true names, roles, and capacities in terms of their involvement in the wrongdoing

17  at issue, whether individual, corporate, associate, conspiratorial, or otherwise, of Defendants named

18  as Does 1 through 10, inclusive, are currently unknown to Plaintiffs and, therefore, these entities

19  and/or individuals are named as Defendants under fictitious names. Plaintiffs will identify these

20  Defendants' true identities and their involvement in the wrongdoing at issue if and when they

21  become known.

22                    **JURISDICTION AND VENUE**

23     21.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.

24  § 1331, as district courts have original jurisdiction of all civil actions arising under the Constitution,

25  laws, or treaties of the United States, and § 1332(d), because the amount in controversy for the Class

26  exceeds $5,000,000 exclusive of interest and costs, there are more than 100 putative Class Members

27  defined below, and minimal diversity exists because a significant portion of putative Class Members,

28

[1] https://www.7cups.com/about/research-stats.php.

CLASS ACTION COMPLAINT

including Plaintiffs, are citizens of a state different from the citizenship of Defendant 7 Cups.

22.    This Court has general personal jurisdiction over 7 Cups because it maintains its principal place of business in Palo Alto, California. Additionally, 7 Cups is subject to specific personal jurisdiction in this State because a substantial part of the events and conduct giving rise to Plaintiffs' and other Class Members' claims occurred in, emanated from or arose out of actions taken within this State.

23.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and (d) because 7 Cups is based in this District, transacts business in this District and a substantial portion of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

### A.    7 CUPS MARKETS ITS ONLINE PLATFORM AS A SAFE AND EFFECTIVE SUBSTITUTE FOR TRADITIONAL PSYCHOTHERAPY

24.    7 Cups bills itself as "an on-demand emotional health service and online therapy provider" that "anonymously & securely connects real people to real listeners in one-on-one chat."[2] Its Service is accessible both online at www.7Cups.com and on an app, available in both iOS and Android format, which can be downloaded to virtually any mobile device.

25.    According to 7 Cups:

> Anyone who wants to talk about whatever is on their mind can quickly reach out to a trained, compassionate listener through our network. We have hundreds of listeners who come from all walks of life and have diverse experiences.

> People connect with listeners on 7 Cups for all kinds of reasons, from big existential thoughts to small, day-to-day things that we all experience. Unlike talking to family or friends, a 7 Cups listener doesn't judge or try to solve problems and say what to do. Our listeners just listen. They understand. They give you the space you need to help you clear your head.[3]

26.    7 Cups promotes its platform as providing mental health support for a wide array of serious mental health conditions:

**Research-Backed, Evidence-Based Online Emotional Support**

Peer-reviewed publications support the efficacy of 7 Cups for a broad spectrum of mental health populations, including perinatal mood disorders, postpartum

---

[2] https://www.7cups.com/about/.
[3] Id.

depression, anxiety, and schizophrenia spectrum disorders.[4]

27.    7 Cups also advertises its platform as providing mental health support that is equivalent to traditional psychotherapy, claiming that "[o]ur listeners reach similar therapeutic alliance levels in 19-minute message-based conversations as licensed therapists in face-to-face settings."

28.    Although 7 Cups does not explain the difference clearly on its website, which it promotes as providing "Free Online Therapist and Counseling," consumers can either connect with "listeners" for free online chats or pay a monthly fee to gain access to "online therapy & coaching with licensed therapists."[5]

## B.    CLASS MEMBERS' ONLINE PROFESSIONAL PROFILES

29.    7 Cups placed Plaintiffs' professional profiles on its provider directory, which can be found at www.7Cups.com, without their express authorization or consent.

30.    Accurate provider directories are of critical importance to consumers, particularly those seeking mental and behavioral health care.

31.    As stated in a report commissioned by the Office of the Assistant Secretary for Planning and Evaluation (ASPE) at the U.S. Department of Health & Human Services:

> Provider directories are lists of in-network providers produced by health care plans. They are an important tool for individuals seeking health care providers, and for regulators who monitor the adequacy of health plans' provider networks. **Inaccurate provider directories make it difficult for patients, particularly those seeking behavioral health-related care, to locate and access care and may result in unexpected out-of-network fees.** Additionally, health plans may artificially inflate the size of behavioral health provider networks by listing more providers participating in their network than they have, making it more difficult for policymakers and health care provider organizations to identify and address gaps in behavioral health care.[6]

32.    Indeed, as Jack Resnick, Jr., M.D., then the President of the American Medical Association, testified to the Senate Finance Committee in May of 2023:

> Directory inaccuracy issues do not seem to be specific to any type of physician specialist or

---

[4] *Id.*
[5] https://www.7cups.com.
[6] https://aspe.hhs.gov/sites/default/files/documents/72a2324e3deb078b275c66eb53052c86/state-coordinate-provider-directory-accuracy.pdf, at 1 (emphasis added).

patient care, but **in a moment where we are facing a mental health crisis, it is imperative that health plans offer adequate networks that are accurately reflected in their directories so that patients can access timely mental and behavioral health care.[7]**

33.       7 Cups' business model is exacerbating this problem. 7 Cups included Plaintiffs' professional profiles on its online provider directory without their consent. Although 7 Cups provided the following disclaimer on Plaintiffs' professional profiles, it is woefully inadequate because, as indicated by the ASPE, provider directories are not listings of employees; they are listings of in-network providers, and none of the Plaintiffs or Class members are part of 7 Cups' provider network:

> *This clinician is not employed by 7 Cups. This page is part of a provider directory. Only therapists that have claimed their listing with 7 Cups can be contacted directly through the platform. All other therapists are listed as a resource for visitors. They are not employed by 7 Cups.*

34.       For a monthly fee of approximately $29.95, licensed psychologists, licensed clinical professional counselors, licensed clinical social workers, and other therapists can have their professional profiles listed on Psychology Today's website at www.psychologytoday.com.

35.       On personal knowledge, Plaintiff Vorpahl has paid this monthly fee to have her professional profile posted on www.psychologytoday.com since approximately 2004.

36.       On personal knowledge, Plaintiff Nielson has paid this monthly fee to have her professional profile posted on www.psychologytoday.com since approximately 2019.

37.       On personal knowledge, Plaintiff DeSiena has paid this monthly fee to have his professional profile posted on www.psychologytoday.com since approximately 2018.

38.       7 Cups apparently copied Plaintiffs' and other Class Members' professional profiles from www.psychologytoday.com and posted them in whole or in part, with minimal changes, to its own website, www.7Cups.com, as part of its own "provider directory," giving consumers the false and misleading impression that the psychologists whose professional profiles listed there were knowing participants in 7 Cups' provider network.

39.       In many cases, when Class Members have contacted 7 Cups to request that their

---

[7]  https://www.finance.senate.gov/imo/media/doc/Jack%20Resneck%20MD%20Statement%20to%20Finance%20Cmt%20on%20Behalf%20of%20AMA%20Re%20Provider%20Directories%202023-5-3.pdf at 4 (emphasis in original).

1    professional profiles be removed from www.7Cups.com,  including requests made by Plaintiffs, 7

2    Cups has routinely either ignored their requests or removed them only to later re-post them a short

3    time later. For example, Plaintiff DeSiena found it difficult to find the place on 7 Cups' website to

4    ask for removal of his name. Consequently, he sent 7 Cups an email. To date, he has received no

5    response, and he continues to be listed on 7 Cups online directory without his express consent.

6        40.    7 Cups failed to publicly disclose that Plaintiffs and other Class Members had no

7    relationship with 7 Cups, are not part of its provider network, did not participate in the Service and

8    did not authorize the publication of their names and professional profiles on www.7Cups.com, which

9    would have a tendency and likelihood to deceive reasonable consumers into believing otherwise.

10        41.    When a consumer seeking counseling attempts to contact a Class Member through

11    www.7Cups.com, 7 Cups responds to them by email to say that it has contacted the Class Member

12    and will keep them posted. After some time passes, typically about ten days, 7 Cups responds again

13    to tell the consumer that although it "worked hard to find their contact information... they weren't

14    able to connect with them" and then tells them that they "can try searching elsewhere online or view

15    their potential profile directly" at a link to the Class Member's professional profile

16    www.psychologytoday.com, which it also provides. 7 Cups makes this claim even when the link to

17    the Psychology Today profile it sends contains contact information for the Class Member and even

18    when the Class Member's contact information can be easily accessed through a simple Google

19    search, thus misleading consumers to believe that contact information for the provider is not

20    available online.

21        42.    7 Cups' conduct is likely to confuse and deceive consumers who are prospective

22    patients and clients of Plaintiffs and other Class Members into believing that: (a) the 7 Cups

23    platform, including its minimally trained "listeners," provides a safe and effective alternative to the

24    traditional psychotherapy or other counseling provided directly by Plaintiff and other Class

25    Members; (b) Plaintiffs and other Class Members are affiliated with 7 Cups and had sponsored or

26    approved the inclusion of their professional profiles as part of 7 Cups' provider directory; (c) 7 Cups

27    would contact Plaintiffs and other Class Members listed in its provider directory when a consumer

28    sought to do so through its platform; (d) 7 Cups "worked hard" to contact Plaintiffs and other Class

CLASS ACTION COMPLAINT

Members listed in its provider directory when it failed to do so; and/or (e) that consumers using, and/or paying for, 7 Cups' Service is a more readily accessible or convenient alternative than receiving traditional psychotherapy and/or other counseling directly from Plaintiffs and other Class Members.

43.    Plaintiff Nielson sent an email to 7 Cups using an old email address that did not include her name seeking a referral to her counseling services. She received a response from 7 Cups at that old email address stating the following:

> Thanks for using the 7 Cups directory! We've contacted the listed service provider you selected and will keep you updated. In the meantime, did you know that 7 Cups is the world's largest emotional support community, with millions of members and over 500,000 trained volunteer listeners? Whether you're looking for someone to talk to or resources to support your well-being, we're here for you.

Despite 7 Cups' statement to the contrary, 7 Cups never contacted Plaintiff Nielson at her counseling practice. Plaintiff Nielson subsequently received a second message from 7 Cups at the old email address with the subject "Update on Your Therapist Search." That email stated:

> Thank you for using the 7 Cups directory to search for your preferred therapist, Kara Nielson. We worked hard to find their contact information, but unfortunately, we weren't able to connect with them. You can try searching elsewhere online or view their potential profile directly here: https://psychologytoday.com/us/therapists/kara-nielson-boise-id-702166

7 Cups never contacted Plaintiff Nielson about the potential referral. Moreover, Plaintiff Nielson's contact information is readily accessible online through a simple Google search.

44.    Plaintiff DeSiena's wife unsuccessfully attempted to obtain a referral to Plaintiff DeSiena's practice by sending an email to 7 Cups using her maiden name. Plaintiff DeSiena's wife received two emails in response. The first stated that they were in the process of contacting Mr. DeSiena but that in the meantime they could connect her to another therapist. The second email stated that they had "worked hard," but that they were "unable to find" Mr. DeSiena's contact information, but that they could connect her with someone now or she could try to contact him through the *Psychology Today* directory. Plaintiff DeSiena never received the referral from 7 Cups. His contact information is also readily accessible online through a simple Google search.

45.    By copying Plaintiffs' and other Class Members' professional profiles from www.psychologytoday.com and posting them in whole or in part to its own website as part of its

9

1  provider directory, and using that provider directory for the purpose of diverting prospective patients

2  and clients from Plaintiffs and other Class Members to other individuals employed by or otherwise

3  affiliated with 7 Cups, 7 Cups caused economic harm to Plaintiffs and other Class Members in at

4  least two ways. First, 7 Cups caused economic harm to Plaintiffs and other Class Members by

5  diverting prospective patients and clients seeking counseling from them, for which those patients

6  and clients would have paid a fee, to other individuals employed by or otherwise affiliated with 7

7  Cups. Second, 7 Cups caused economic harm to Plaintiffs and other Class Members by denying

8  them at least in part the value of the professional profiles that they paid to have posted on

9  www.psychologytoday.com by copying them and posting them on its own "provider directory"

10  without approval or compensation.

11  **C.    THE IMPACT OF 7 CUPS' UNLAWFUL BUSINESS PRACTICES**

12  46.    As detailed above, 7 Cups' unlawful business practices have had a negative financial

13  impact on Plaintiffs and other Class Members' therapy and counseling practices. In addition, these

14  unlawful business practices have put consumers seeking mental health counseling in danger of not

15  receiving the care they need.

16  47.    This is not an isolated circumstance. The following complaints about 7 Cups'

17  business practices were submitted to the Better Business Bureau by licensed therapists:

18

19  👤 **Initial Complaint**          **Type:** 🆂 Sales and Advertising Issues

20  **Date**: 04/29/2025                    **Status:** 💬 Answered

21  I am a Licensed Clinicial Social Worker 7 Cups, is unfairly restricting my practice as mental
   health private practice owner. They have listed my professional information on their

22  website without my permission and refer anyone who checks my name to their own list of
   clinicians. I do not wish to work with 7 Cups, nor even to have my name listed on what they

23  call a registry. The bulk of people on this registry are doing listening, which is not
   psychotherapy and does not require a license. Having my name on this registry blurs the

24  line between what might be considered coaching/peer support and psychotherapy. This is
   a restriction of trade that should be stopped immediately.I have contacted them 2 x's and
   my listing has remained on their

25  website.****************************************************************************

26

27

28

**👤 Initial Complaint**                               **Type:** 🛒 Product Issues

**Date:** 04/23/2025                                    **Status:** ✅ Resolved

This is a complaint against the 7 Cups of Tea Company, also known as 7 Cups, listed at ****************************************************. I am a private mental health practitioner who was dismayed to learn that 7 Cups has culled my practice information presumably from my listing on the Psychology Today website, a site I subscribe to and posted it on its own website without my knowledge. This allows 7 Cups to intercede between myself and any of my potential clients who go to their website and covertly re-route those clients away from me and directly to practitioners who are affiliated with their company. For this reason, on Thursday, 3/27/25, I messaged 7 Cups via webmail at ****************************************, requesting that they delete my information from their website and advise me when that had been done. On 4/1/25, they responded with a "recruitment" message promoting their company and noting they had not deleted my information, but saying if I contacted them again with the same request they would honor it within 48 hours. That same day I sent them an email reiterating my request. On 4/2/25, they stalled on the timeline by writing back, We want to be sure we are removing the correct page. Can you send us a link to your listing? We'll have it removed ASAP (correspondence attached). I did not respond to that message. Im sure I dont need to send them a link to my listing since they already have it and they, in fact, created it. If they were able to find my information and list it on their site without my involvement, Im sure they dont need my involvement to find and delete it now; my name and email address are provided in my ********* of today (4/23/25) my information has still not been removed from the 7 Cups website, and I am not inclined to parlay with them through additional communication. Please have them remove my information from their site immediately. (Sent 4/23/25 at 2:41pm EDT.)

**👤 Initial Complaint**                               **Type:** 🧑‍💼 Customer Service Issues

**Date:** 04/21/2025                                    **Status:** ✅ Resolved

This company copy/pasted my Psychology Today profile to fraudulently represent that I am part of their platform and I am not. I want my info removed from their website.

**👤 Initial Complaint**                               **Type:** 🚚 Delivery Issues

**Date:** 04/19/2025                                    **Status:** 💬 Answered

7 Cups has data mined my information for a "directory." However, when a potential client does attempt to contact me, 7 Cups does not pair me with the client. Hundreds of other therapists have experienced the same. 7 Cups uses my reputation, speciality, and even my exact words to divert people to their platform. It's false advertising to vulnerable clients and it's stealing my credentials.

👤 **Initial Complaint**                                    **Type:** 🔧 Service or Repair Issues

**Date:** 04/17/2025                                        **Status:** 🔗 Answered

I have discovered that this business has fraudulently copied my professional profile and
personal information from my Psychology Today listing and are being used without my
authorization on their platform, posing as ***** original profile can be found here:
******************************************************************* The profile includes
personally written content, such as my biography, specialties, and credentials, all of which I
authored and own the rights to.The unauthorized profile appears on your site at:
******************************************************************* The content
reproduces text and/or impersonates me by presenting this material as if I have created or
endorsed it, which I have not.I did not authorize the reproduction or display of this content
on this platform. The unauthorized use of my profile content not only infringes on my
copyright but also constitutes misrepresentation and identity theft.Accordingly, I hereby
request that 7 Cups of Tea:Remove or disable access to the infringing content
immediately.Investigate the account/user responsible for creating the profile.Confirm with
me once the content has been removed.I have a good faith belief that the use of the
copyrighted material described above is not authorized by the copyright owner, its agent,
or the law. I certify, under penalty of perjury, that the information in this notice is accurate
and that I am the copyright owner or authorized to act on behalf of the owner.

👤 **Initial Complaint**                                    **Type:** 🛒 Product Issues

**Date:** 04/16/2025                                        **Status:** 🔗 Answered

I was warned by colleagues that the website 7 Cups of Tea (*********) is harvesting,
professional profiles of therapists, like myself, placing it on their site without permission,
and advertising themselves as a middleman to reach people like me. I easily found my
profile on their site by googling my first and last name and 7 cups. When I went to my
profile, I was able to send myself an inquiry as if I was a patient seeking services. 7 Cups
auto-replied to my inquiry that they were forwarding my request to my provider of choice (
me ). That referral email never came. That email is uploaded. The profile that they used as
my own wording from Psychology Today (I pay to advertise using them), but they changed
the person and now refer to me as ****. Where my own profile says Itheir plagiarized profile
of me now says SheThank you for helping protecting small businesses like mine from
people trying to steal our identities to leverage their own referrals. Sad and gross. I sent
them a request to take down my data, an option I found using their FAQs. I hope it
works.Thank you,**** ****.

1

2    **👤 Initial Complaint**                          **Type:** 👥 Customer Service Issues

3    Date: 04/15/2025                                  **Status:** 💬 Answered

4    My name is ***** *******. I am a therapist in ******, **********. On March 25, 2025, I learned that
     7 Cups has a profile on me. I emailed 7 Cups asking "Please remove my unclaimed profile. I
     never gave 7 cups permission to use my data nor did I sign up for this profile within their

5    platform. I request that my information is removed from your platform immediately." On
     March 29th, 2025 they replied " If someone were to complete the contact form on your

6    profile, we would forward their information to you for follow-up. This would essentially be a
     free referral for you. If you do not wish to have your profile listed and decide not to

7    become part of our local support network then please let us know and we will delete your
     profile within 48 business hours." The client information is not forwarded to me as I sent a

8    test client through. Additionally, they did remove my profile after 48 hours. I again emailed
     on March 29, 2025 and April 5, 2025 asking to remove my profile.The goal of this

9    complaint is to get my profile removed immediately.

10

11   **👤 Initial Complaint**                          **Type:** 🛒 Product Issues

     Date: 04/15/2025                                  **Status:** ✅ Resolved
12

13   I learned on 4/10/25 from other therapists that 7 Cups of Tea was scraping the information
     of therapists from (presumably) their Psychology Today profiles and posting them on their

14   own website. When I went to check if my information had also been stolen, I found that
     there was a profile on their page with my name and all of my clinical background

15   information posing as me. However, if a client attempts to contact me via this profile, the
     website claims that they cannot get in touch with me and directs the client to a therapist in

16   their company. Additionally, if I attempt to claim ownership of this profile, 7 cups requires
     that I pay them a subscription to have ownership of my profile. I have emailed them a

17   cease and desist demanding that they remove my profile from their website (on 4/14/25),
     as they stole my therapist profile and are clearly attempting to steal business from me

18   and/or discredit my reputation as a responsive and ethical therapist. Their conduct is
     unethical (if not illegal), and I want for my profile to be removed from their website, as I

19   have no affiliation with them. I would also advise an investigation be done into the
     credibility of this company, as it is clear they are operating in unethical manners and

20   preying on those who are seeking mental health support.

21   **👤 Initial Complaint**                          **Type:** 📢 Sales and Advertising Issues

22   Date: 04/15/2025                                  **Status:** 💬 Answered

23   7cups stole my profile from psychology today. They posted a revised version of my bio and
     are using it to advertise for behavioral health/psychotherapy services. I did to consent to

24   this!

25

26

27

28

CLASS ACTION COMPLAINT

**👤 Initial Complaint**

**Date:** 04/14/2025

**Type:** 🔧 Service or Repair Issues

**Status:** 💬 Answered

7 cups of tea has stolen my profile, credentials and licensure information, and placed it on their site without my permission. As a licensed professional this is appalling and misleading to those in need. I would like them to remove my information from their site immediately, as I have my own practice and am NOT affiliated with them in any way. This way of doing business should have some consequences, as this seems to be an ongoing issue within the mental health field. The pictures I have uploaded show 7 cups listing my information (without my permission) and the other is MY psychology today with MY information.

**👤 Initial Complaint**

**Date:** 04/14/2025

**Type:** 🛒 Product Issues

**Status:** 💬 Answered

********* has taken my listing from my Psychology Today profile (which I pay for and am verified by) and posted it on their website without my consent for their own purposes. The listing gives the impression that I can be contacted through their website, but I have not given them permission to use it and I would like it deleted immediately. I contacted them on 4/14/25 and asked them to immediately remove my listing before someone reaches out to their company thinking they could be contacting me. I am not looking for any money, only the removal of my information from the 7cups website.

**👤 Initial Complaint**

**Date:** 04/14/2025

**Type:** 🛒 Product Issues

**Status:** 💬 Answered

I am a licensed Marriage and Family Therapist in private practice. I became aware today that 7 Cups is using my information to gain clients. I have never been affiliated with this organization, and I have never given permission to anyone to use it. 7 Cups has had many complaints of this nature on BBB as well as Trust Pilot. The company seems to respond to each complaint with the same answer, and they try to make it sound like they are doing the therapist a favor by listing them. They claim to forward referrals to the therapist, me included, yet none are received. I want my information removed immediately and for the fraud to be addressed! I don't want to receive their standard form letter excuse.

**👤 Initial Complaint**

**Date:** 04/14/2025

**Type:** 📢 Sales and Advertising Issues

**Status:** 💬 Answered

This website is using my name and information without my permission. The information is also false. It also leads people to believe that if they reach out to me through the website that I will receive the message. I do not receive it. In fact, they connect the potential customer with a different therapist. It leaves people thinking I ignore messages.

👤 **Initial Complaint**                   Type: 🔧 Service or Repair Issues

Date: 04/14/2025                          Status: ✅ Resolved

I discovered today that my name, business and professional information is on a 7cups website without my permission. My psychology today profile appears to have been copied. Their action has significantly decreased the number of referrals received. I have heard this from many colleagues who face this same issue. I would love to participate in any class action suit as a result.

👤 **Initial Complaint**                   Type: 🔧 Service or Repair Issues

Date: 04/14/2025                          Status: ✅ Resolved

7cups has stolen my information from Psychology Today and posted it on their site without my authorization or even correct contact information. They are scamming people looking for mental health care services and redirecting them elsewhere that has nothing to do with the therapist's name used. I would like my name and information removed.

👤 **Initial Complaint**                   Type: 🟧 Order Issues

Date: 04/14/2025                          Status: 💬 Answered

This company has stolen infonration about my private practice from Psychology Today and is sourcing business without my consent or knowledge. I have no desire to affiliate with this company and I believe this practice is widespread for other known clinicians.This company should be shut down.

👤 **Initial Complaint**                   Type: 🛒 Product Issues

Date: 04/14/2025                          Status: ✅ Resolved

7 Cups is using my professional identity as a mental health counselor on their website to fraudulently attract clients, potentially delaying or inhibiting access to care, harming my professional reputation, and otherwise negatively impacting my business. My understanding is that I am not the only mental health counselor they have done this to. Reportedly, 7 Cups digitally "scraped" profile details from Psychology Today and began using the data as their own. From a consumer's perspective, it looks like we are all part of their group, which we are not. Consumers seeking mental health counseling select our profile on the 7 Cups website, but the client then goes to 7 Cups; 7 Cups does not link the client to us. They try to "bait and switch" the consumer, getting them to use one of their therapists in order to secure the revenue.

15
CLASS ACTION COMPLAINT

1

2

👤 **Initial Complaint**                                    **Type:** 🛒 Product Issues

**Date:** 04/11/2025                                        **Status:** 💬 Answered

3

4

I am a licensed therapist and this organization put a blurb about me on their site without
my permission. I am not affiliated with them. I clicked on "Send message" to this provider
(me) to test out the site. The site said that I would be connected with me right away. This is
a lie. They did not notify me that a client was trying to contact me. Just like they never
notified me that they were using my profile to advertise their business. I asked they remove
myself from their website and received no response.

5

6

7

8

👤 **Initial Complaint**                                    **Type:** 🟧 Order Issues

**Date:** 04/11/2025                                        **Status:** 💬 Answered

9

10

They stole my information from psychology today to use as bait for potential customers
lying to them that they could potentially work with me. I have never given them permission
to use my info or send me clients. Furthermore even with my info on their site and their
claim that they would send referrals to me they never have. They are intentionally lying to
vulnerable people and potential customers.

11

12

13

14

👤 **Initial Complaint**                                    **Type:** 🛒 Product Issues

**Date:** 04/11/2025                                        **Status:** 💬 Answered

15

16

Im a psychologist. The 7 cups website used my name and Psychology Today profile to
solicit clients. If a consumer clicks on it, the site says they will contact me, and attempts to
sell their services to the consumer. They do not contact me as they tell the consumer they
will. I never get the notification and consumers think I ignore them.

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

**👤 Initial Complaint**                    **Type:** 🛒 Product Issues

**Date:** 04/11/2025                        **Status:** ✅ Resolved

My name is ***** ********, LCPC and I recently discovered an online profile using my name to advertise mental health services on the 7 Cups website. I never gave permission for 7 Cups to use my name or information to create a profile. While there is a small disclaimer at the bottom of the page stating that I am not affiliated with 7 Cups, the website is incredibly misleading. It is very clear to me that "my" biography on their website was written by paraphrasing another biography that I wrote and posted on another website for the purpose of marketing my business, and the biography on the 7 Cups website was loosely paraphrased in a way that is clearly plagiarism. 7 Cups uses a bait-and-switch tactic. My contact information is not listed anywhere on my page to help prospective clients get in touch with me. I tested out the Send Message button under my name and after I entered in a test client email address (for 7 Cups to send their marketing and solicitation emails), a message popped up that said the 7 Cups team would reach out to the therapist, me. However, there has been no attempt from 7 Cups to contact me to help a prospective client get in touch with me for services. Instead, my test client received an email from 7 Cups outright lying by stating weve contacted the listed service provider you selected and will keep you updated" and instead advertising their services, stating In the meantime, did you know that 7 Cups is the worlds largest emotional support community7 Cups is a misleading platform that outright lies and misleads people who may be facing a mental health crisis into a false sense of hope that someone will reach out to them to provide licensed mental health care and instead encourages those people to use their service to talk to unlicensed volunteers. It is also stealing clients from me and giving the pubic a negative opinion of me as someone who does not reply, when I was never contacted in the first place.

[8]

15

16

17

18

19

20

21

22

23

24

25

26

27

28

48.   Therapists have also expressed their concerns regarding 7 Cups on Reddit[9]:

 r/psychotherapists · 2 mo. ago
Exotic-Hamster2064

# 7 CUPS therapy scam

Hey fellow psychotherapists. You need to check to see if your information has been lifted and placed onto the 7 cups website. Just type in 7 cups in Google plus your name and you can see if your information has been lifted and placed on their website.
This website is so messed up, that you can volunteer to be a "feelings" listener. But they're using all of our information to advertise and pull people in.

⬆ 87 ⬇    💬 54    ☺    ↗ Share

Join the conversation

 LosFeliz3000 · 2mo ago

Thanks for the heads up. They seem to be using information from my website or Psychology Today profile for their summary of me. I assume using AI type scraping of information. I can't imagine this is legal. I'm going to contact CAMFT.

⊖  ⬆ 41 ⬇   💬 Reply   ☺ Award   ↗ Share   ...

 craftydistraction · 2mo ago · Edited 2mo ago

Yep. I'm on there. Dammit. Didn't we just do this with Betterhelp? Or was it another one? I've lost track. I'm going to report them to the FTC. This has got to stop. Edit: just did it. Took 10 minutes. FTC.gov actually has a banner up with a link for reporting "misconduct by tech companies". Fast and easy. (Also clarifying).

⊖  ⬆ 38 ⬇   💬 Reply   ☺ Award   ↗ Share   ...

---

[9] https://www.reddit.com/r/psychotherapists/comments/1jjqgqv/7_cups_therapy_scam/
(last accessed May 28, 2025)

CLASS ACTION COMPLAINT

**PatrickRicardo86** · 2mo ago

I noticed that too. They have a disclaimer at the bottom of my listing.

"This clinician is not employed by 7 cups. This page is part of a provider directory. Only therapists that have claimed their listing with 7 cups can be contacted through the platform. All other therapists are listed as a resource for visitors. They are not employed by 7 cups."

⊖    ⬆ 9 ⬇    ◯ Reply    ⚘ Award    ↗ Share    ⋯

**Exotic-Hamster2064** OP · 2mo ago

They are utilizing your information and my information in order to gain clients for the people that they hire/people that pay to have their information listed on the site. I don't give a crap about a "disclaimer". This is corporate CYA crap. The owner of this company, Glen Moriarty is a PhD in psychology. He knows better... He knows what the "ethics" are behind this... He's just in it to make money off of me and you and everybody else.

⊖    ⬆ 24 ⬇    ◯ Reply    ⚘ Award    ↗ Share    ⋯

**floating-sphere** · 2mo ago

I just read about this through the Redwood Psychological Association, one of the members posted about it on the listserve.

You can request to have the information removed with this link

https://help.7cups.com/hc/en-us/requests/new?ticket_form_id=360002054114

I found my information there and I'm not sure I want to give them my email address, which is required. Not sure what to do.

You can also send a cease and desist letter

Cease and Desist: If necessary, you can send a cease and desist letter to: Email: legal@7cups.com Mail: 7 Cups of Tea Co., 1201 Orange St. #600, Wilmington, DE 19899

⬆ 7 ⬇    ◯ Reply    ⚘ Award    ↗ Share    ⋯

**Exotic-Hamster2064** OP · 2mo ago

This site, has volunteer "listeners" you can literally request to be one. I'm not sure about what your ethical responsibilities and requirements are, but that is unethical if they are promoting themselves as a mental health therapy website with qualified mental health providers. Additionally the information that they have about me is completely wrong, wrong license type, wrong city, wrong state. Check this out:
https://m.youtube.com/watch?v=6wjmGxoqgU0

⊖    ⬆ 5 ⬇    ◯ Reply    ⚘ Award    ↗ Share    ⋯

**istmir** • 1mo ago

A class-action has been strongly suggested by friends of ours who are both lawyers (but not in this exact type of law). Asking 7Cups and/or CAMFT to handle this seem futile to me. Want to dissuade others from doing this sort of thing down the road? Then let's get legal.

With some number averaging here's what listed Therapists who did not sign up for 7Cups are owed by 7Cups per year:

1. **Loss of potential clients** thru the non-functioning "contact this therapist" button.
   We took our average number of clients from each of our sources for a year; and found that we see about 5 new clients from each listing that we have approved of. Take your average number of single-sourced clients (x) average length of total visits for one year (x) your average per hour client rate for what you'd be owed in a class action. Ours was **$31,250** btw.

2. **Repetitional Damage**
   This will likely be determined by the courts, but averages are around **$25,000** per plaintiff for this sort of thing; and is likely to be higher since 7Cups was purposeful in its intention to defraud, so punitive damages may apply.

3. **Affiliate Marketing Fee**
   7Cups uses a Therapist's profile without their permission to fill their site with content, to add a sense of credibility, and to ultimately lure both a would-be patient and therapist themselves to sign up for a 7Cup account where the sole objective is to get subscription fees (income) for 7Cups from clients and therapists. The disclaimer they list is "below the fold" and does not indicate if the listed professional has given permission to be on the site or not, let alone permission to be contacted. For therapists who did not agree to any terms with 7Cups, you can inform them that you do not give them permission to list and must either remove your profile immediately or pay your affiliate marketing fee (whatever you say that is) per year. Because we've been listed for more than a year already without permission and we have previous income with another client for affiliate marketing, we simply apply those charges for the year: **$14,400.**

**So... anyone else want to recommend a good class action legal team based in California?**
We are talking about $50k-$100K in damages to each therapist listed without permission and currently have a Oregon law firm looking into this.

⬆ 2 ⬇    💬 Reply    ...

CLASS ACTION COMPLAINT

**istmir** • 1mo ago

Our best guess is:

1. 'Psychology Today' sold off their members' info to 7 Cups (and others) - the text they used on our profile matches our profile on Psy Today's website listing.

2. We tested the 7 Cups system by adding a would-be user and then contacted listed Therapists who we know are not signed up with 7 Cups. Our would-be user (the client/customer) got an email from 7 Cups saying the Therapist would contact us soon and encouraged the user to further set up an account; However, the "contacted" therapist never got a single notification from 7 Cups, not in spam, no text, nada.

3. This means 7 Cups is withholding a potential client's info hostage until the non-member Therapist buys into the 7 Cups ecosystem. Pay-to-Play or "Blackmail" in some circles.

4. The real damage is the mark against the unknowing/unwilling Therapist's reputation when a would-be client thinks they've been ignored.

Loss of would-be clients combined with an intentional defamation/slander sure feels like a reason to bring a lawyer into the picture, no? Class-action anyone?

⊖   ⬆ 1 ⬇   💬 Reply   ···

 **ListProfessional469** • 1mo ago

5. The damage to the person who is reaching out for help and getting gaslit.... THAT'S the true cost of business. 👹

⊖   ⬆ 1 ⬇   💬 Reply   ···

49.     As indicated by these complaints, 7 Cups' unlawful business practices caused economic harm to licensed psychologists, licensed clinical professional counselors, licensed clinical social workers and other licensed therapists by diverting prospective patients and clients seeking counseling from them, for which those patients and clients would have paid a fee, to individuals employed by or otherwise affiliated with 7 Cups, many of whom are not licensed and have only minimal training.

50.     As further indicated by these complaints, 7 Cups' unlawful business practices also

1   caused economic harm to licensed psychologists, licensed clinical professional counselors, licensed

2   clinical social workers and other licensed therapists by depriving them of the value of their monthly

3   payments to Psychology Today to post their professional profiles on www.psychologytoday.com.

4       51.    Plaintiffs and other Class Members are entitled to injunctive relief to redress the

5   imminent and currently ongoing harm they face as a result of the unlawful and inequitable conduct

6   described herein.

7       52.    7 Cups' unlawful business practices also pose a serious danger to the health of

8   consumers who are seeking mental health and other counseling services from licensed therapists

9   with appropriate training when they visit www.7Cups.com but who are redirected by 7 Cups'

10  misleading and deceptive scheme to unlicensed individuals with minimal training who are employed

11  by or otherwise affiliated with 7 Cups, with the significant potential for devastating consequences

12  to consumers with no countervailing legitimate benefit.

13                                      **TOLLING**

14      53.    Any applicable statutes of limitation have been tolled by 7 Cups' knowing and active

15  concealment of the conduct, misrepresentations and omissions alleged herein.  Through no fault or

16  lack of diligence, Plaintiffs and other Class Members were deceived and could not have reasonably

17  discovered 7 Cups' deception and unlawful conduct until shortly before the filing of this Complaint.

18      54.    Plaintiffs and other Class Members did not discover and did not know of any facts

19  that would have caused a reasonable person to suspect that 7 Cups was acting unlawfully in the

20  manner alleged herein. Within the time period of any applicable statutes of limitation, Plaintiffs and

21  members of the Class could not have discovered the alleged wrongful conduct through the exercise

22  of reasonable diligence.

23      55.    At all relevant times, 7 Cups was under a continuous duty to disclose to Plaintiffs and

24  other Class Members that it was using their professional profiles on www.7Cups.com for the

25  purposes of attracting consumers to pay for its Service and to seek and obtain the authority to do so

26  from Plaintiffs and other Class Members.

27      56.    7 Cups knowingly, actively, affirmatively and/or negligently concealed the facts

28  alleged herein.

57.    In addition, Defendants have engaged in a conspiracy with each other that has been ongoing, systemic and continuous, such that any applicable statutes of limitation have not begun to run.

58.    For these reasons, all applicable statutes of limitation have been tolled based on the discovery rule and 7 Cups' concealment, and 7 Cups is estopped from relying on any statutes of limitation in defense of this action.

## CLASS ACTION ALLEGATIONS

59.    Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 individually and on behalf of the following Class:

> All licensed clinical psychologists, licensed clinical professional counselors, licensed clinical social workers and other licensed therapists in the United States who are not part of 7 Cups' provider network and whose professional profiles were posted on www.7Cups.com without their prior authorization.

60.    Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and any members of their immediate families; (2) 7 Cups, 7 Cups' subsidiaries, affiliates, parents, successors, predecessors, and any entity in which 7 Cups or its parents have a controlling interest and its current or former employees, officers, and directors; and (3) Plaintiffs' counsel and 7 Cups' counsel.

61.    **Numerosity:** The exact number of members of the Class are unknown and unavailable to Plaintiffs at this time but is estimated to number in the tens if not hundreds of thousands such that individual joinder in this case is impracticable. The members of the Class can be identified through 7 Cups' records.

62.    **Predominant Common Questions:** Pursuant to Fed. R. Civ. Proc. Rule 23(b)(3), The Class's claims present common questions of law and fact that predominate over any questions that may affect individual Class Members. Common questions for the Class include, but are not limited to, the following:

- Whether 7 Cups engaged in unlawful conduct in violation of the federal Lanham Act;

- Whether 7 Cups engaged in fraudulent, unlawful or unfair conduct in

23

violation of the Unfair Competition Law;

- Whether 7 Cups engaged in false, misleading or deceptive advertising in violation of the False Advertising Law;

- Whether 7 Cups misappropriated the names, photographs, likenesses and/or identities of Plaintiffs and other Class Members in violation of California common law and California Civil Code § 3344;

- Whether 7 Cups intentionally or negligently interfered with prospective economic relationships between Plaintiffs and other Class Members and consumers;

- Whether 7 Cups was unjustly enriched as a result of its conduct alleged herein;

- Whether Plaintiffs and other Class Members are entitled to damages, equitable and/or injunctive relief to redress the imminent and currently ongoing harm faced as a result of the unlawful and inequitable conduct described herein, and the scope of such relief.

63.    **Typicality:** Plaintiffs' claims are typical of the claims of the other members of the Class. The claims of Plaintiffs and other Class Members arise from the same conduct by 7 Cups and are based on the same legal theories.

64.    **Adequate Representation:** Plaintiffs have and will continue to fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel competent and experienced in complex litigation and class actions. 7 Cups has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of Class Members, and they have the resources to do so. Neither Plaintiffs nor their counsel have any interest materially antagonistic or adverse to the interests of the other Class Members.

65.    **Substantial Benefits:** Pursuant to Fed. R. Civ. Proc. Rules 23(b)(3), this class action is appropriate for certification because class proceedings are superior to other available methods for the fair and efficient group wide adjudication of this controversy considering (a) the Class Members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and

nature of any litigation concerning the controversy already begun by Class Members; (c) the desirability or undesirability of concentrating the litigation of the claims in this particular forum; and (d) the potential difficulties in managing a class action. This proposed class action presents fewer management difficulties than individual litigation, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Class treatment will create economies of time, effort, and expense and promote uniform decision-making.

66.    In addition, pursuant to Fed. R. Civ. Proc. Rules 23(b)(1) and (2), prosecuting separate actions by individual Class Members would create a risk of  inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for 7 Cups, or adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.  7 Cups has acted or refused to act on grounds that apply generally to the Class, such that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

67.    Plaintiffs reserve the right to revise the class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

## CALIFORNIA LAW APPLIES TO THE CLAIMS OF THE ENTIRE CLASS

68.    California substantive laws apply to the claims of every member of the Class. California's substantive laws may be constitutionally applied to the claims of Plaintiffs and other Class Members under the Due Process Clause, 14th Amendment, § 1, and the Full Faith and Credit Clause, Article IV, § 1 of the United States Constitution. California has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiffs and other Class Members, thereby creating state interests to ensure that the choice of California state law is not arbitrary or unfair.

69.    7 Cups' principal place of business is located, and it conducts substantial business and engaged in the major decision making at issue, in California. The conduct at issue also originated in and emanated from California as that is where the decisions to place Plaintiffs' and other Class Members' professional profiles on www.7Cups.com without express prior authorization were made

1    and likely effectuated, and where the illegal placement of those profiles took place based on, *inter*

2    *alia*, the location of 7 Cups' primary computers and/or servers.

3        70.    California thus has an interest in regulating 7 Cups' conduct under its laws. 7 Cups'

4    decision to reside in California and avail itself of California's laws renders the application of

5    California law to the claims herein constitutionally permissible.

6        71.    The application of California law to Class Members' claims is also appropriate under

7    California's choice of law rules because California has significant contacts to the claims of Plaintiffs

8    and Class Members, and California has a greater interest in applying its laws here than any other

9    interested State.

### COUNT I
**Violation of the Lanham Act, Section 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)**
**(On Behalf of Plaintiffs and the Class)**

12        72.    Plaintiffs incorporate the foregoing allegations by reference as if fully set forth

13    herein.

14        73.    Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A), prohibits any:

15        false or misleading description of fact, or false or misleading misrepresentation of
         fact, which … is likely to cause confusion, or to cause mistake, or to deceive as to
16       the affiliation, connection or association of such person with another person, or as
         to the origin, sponsorship, or approval of his or her goods, services or commercial
17       activities by another person.

18        74.    7 Cups' false and misleading statements violate Section 43(a)(1)(A) of the Lanham

19    Act because they are likely to confuse and deceive consumers who were prospective patients and

20    clients of Plaintiffs and other Class Members into believing that:

21            (i)    the 7 Cups platform, including its minimally trained "listeners," provides a

22        safe and effective alternative to the traditional psychotherapy or other counseling

23        provided directly by Plaintiff and other Class Members;

24            (ii)    Plaintiffs and other Class Members are affiliated with 7 Cups and had

25        sponsored or approved the inclusion of their professional profiles on 7 Cups' provider

26        directory;

27            (iii)    7 Cups would contact Plaintiffs and other Class Members listed in its provider

28        directory when a consumer sought to do so through its platform;

(iv)    7 Cups "worked hard" to contact Plaintiffs and other Class Members listed in its provider directory when it failed to do so; and

(v)    using, and/or paying for, 7 Cups' Service is a more readily accessible or convenient alternative than receiving traditional psychotherapy and/or other counseling directly from Plaintiffs and other Class Members.

75.    As a direct result of 7 Cups' violations of Section 43(a)(1)(A) of the Lanham Act, which it committed knowingly and willingly with the intent to deceive consumers who were prospective patients and clients of Plaintiffs and other Class Members and cause economic harm to Plaintiffs and other Class Members, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Plaintiffs and other Class Members are entitled to recover (1) 7 Cups' profits, (2) up to three times the actual damages sustained by Plaintiffs and other Class Members, (3) the costs of the action, and (4) reasonable attorney fees, in amounts to be proven at trial.

76.    7 Cups' false and misleading statements have irreparably injured Plaintiffs and other class Members and will continue to do so unless enjoined pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

**<u>COUNT II</u>**
**Violation of the Lanham Act Section 43(a)(1)(B), 15 U.S.C. §1125(a)(1)(B)**
**(On Behalf of Plaintiffs and the Class)**

77.    Plaintiffs incorporate the foregoing allegations by reference as if fully set forth herein.

78.    Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B), prohibits any:

false or misleading description of fact, or false or misleading misrepresentation of fact, which … in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

79.    7 Cups' false and misleading statements violate Section 43(a)(1)(B) of the Lanham Act because they misrepresent that:

(i)    the 7 Cups platform, including its minimally trained "listeners," provides a safe and effective alternative to the traditional psychotherapy or other counseling provided directly by Plaintiffs and other Class Members;

27

(ii)    Plaintiffs and other Class Members are affiliated with 7 Cups and had sponsored or approved the inclusion of their professional profiles on 7 Cups' provider directory;

(iii)    7 Cups would contact Plaintiffs and other Class Members listed in its provider directory when a consumer sought to do so through its platform;

(iv)    7 Cups "worked hard" to contact Plaintiffs and other Class Members listed in its provider directory when it failed to do so; and

(v)    using, and/or paying for, 7 Cups' Service is a more readily accessible or convenient alternative than receiving traditional psychotherapy and/or other counseling directly from Plaintiffs and other Class Members.

80.    As a direct result of 7 Cups' violations of Section 43(a)(1)(B) of the Lanham Act, which it committed knowingly and willingly, with intent to deceive consumers who were prospective patients and clients of Plaintiffs and other Class Members and cause economic harm to Plaintiffs and other Class Members, Plaintiffs and other Class Members are entitled to recover (1) 7 Cups' profits, (2) up to three times the actual damages sustained by Plaintiffs and other Class Members, (3) the costs of the action, and (4) reasonable attorney fees, in amounts to be proven at trial.

81.    7 Cups' false and misleading statements have irreparably injured Plaintiffs and other Class Members and will continue to do so unless enjoined pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

**COUNT III**
**Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.***
**(On Behalf of Plaintiffs and the Class)**

82.    Plaintiffs incorporate the foregoing allegations by reference as if fully set forth herein to the extent relevant to this Count and the relief available thereunder, except as to entitlement to any claims for damages, which are not sought in this Count.

83.    The misrepresentations, omissions, acts and practices of 7 Cups as alleged herein constitute fraudulent, unlawful, and unfair business acts and practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

84. As detailed herein, 7 Cups engaged in "fraudulent" business acts and practices by: 1) misrepresenting that its platform, including its minimally trained "listeners," provides a safe and effective alternative to the traditional psychotherapy or other counseling provided directly by Plaintiffs and other Class Members, 2) misrepresenting that Plaintiffs and other Class Members are affiliated with 7 Cups and had sponsored or approved the inclusion of their professional profiles on 7 Cups' provider directory; 3) misrepresenting that it would contact Plaintiffs and other Class Members listed in its provider directory when a consumer sought to do so through its platform, 4) misrepresenting that it "worked hard" to contact Plaintiffs and other Class Members listed in its provider directory when it failed to do so, and 5) deceiving prospective patients and clients of Plaintiffs and other Class Members into using, and/or paying for, its Service by misrepresenting that the Service is a more readily accessible or convenient alternative than receiving traditional psychotherapy and/or other counseling directly from Plaintiffs and Class Members. 7 Cups' misleading statements and omissions were false, misleading, or likely to deceive the consuming public targeted by such conduct, in violation of the UCL.

85. 7 Cups engaged in "unlawful" business acts and practices in violation of the state statutes set forth herein, including California Business and Professions Code § 17500, *et seq.* (the "False Advertising Law") and California Civil Code § 3344, as well as state common law. Defendant also violated federal statutes and regulations, including the Lanham Act 15 U.S.C. §§ 1051, *et seq.*, including 15 U.S.C. §1125(a)(1)(A) and 15 U.S.C. §1125(a)(1)(B). Plaintiffs reserve the right to allege other violations of law committed by 7 Cups that constitute unlawful business acts or practices within the meaning of California Business & Professions Code §§ 17200, *et seq.* The allegations of facts set forth in detail in this Complaint specifically describe and demonstrate how 7 Cups' actions and inactions violated these laws.

86. 7 Cups has also engaged in "unfair" business acts or practices by threatening an incipient violation of an antitrust law, or by violating the policy or spirit of one of the above laws because the effects of its business acts and practices are comparable to or the same as a violation of the law, or by otherwise significantly threatening or harming competition.

87. 7 Cups' unfair business acts and practices have threatened and harmed competition

by diverting prospective patients and clients seeking therapy and/or counseling from Plaintiffs and other Class Members to individuals employed by or otherwise affiliated with 7 Cups, many of whom are not licensed and have only minimal training, posing serious danger to the health of consumers who are seeking mental health therapy and other counseling services from licensed therapists with appropriate training. 7 Cups' unfair business acts and practices caused substantial injury to Plaintiffs and Class Members, as well as consumers. The allegations of facts set forth in detail throughout the Complaint specifically describe and demonstrate how 7 Cups' actions and inactions constitute unfair business practices.

88.     Plaintiffs suffered injury in fact and lost money or property as a result of 7 Cups' illegal business acts and practices by 7 Cups diverting prospective patients and clients seeking therapy and/or counseling from Plaintiffs to individuals employed by or otherwise affiliated with 7 Cups, many of whom are not licensed and have only minimal training. Plaintiffs also suffered injury in fact and lost money or property as a result of 7 Cups' acts and practices by 7 Cups copying Plaintiffs' professional profiles from www.psychologytoday.com and posting them, in whole or in part, on www.7Cups.com, for the purpose of diverting prospective patients and clients seeking counseling from Plaintiffs to individuals employed by or otherwise affiliated with 7 Cups, thereby depriving Plaintiffs of the value of their monthly payments to Psychology Today for including their professional profiles on www.psychologytoday.com.

89.     Plaintiffs and/or Class Members have also suffered (and will continue to suffer) economic loss and other injury and a loss of money or property in the form of, *inter alia*: (i) losing income by not counseling prospective patients and clients seeking counseling from them who 7 Cups diverted to individuals employed by or otherwise affiliated with 7 Cups, and ii) losing the value of their monthly payments to Psychology Today for including their professional profiles on www.psychologytoday.com.

90.     Plaintiffs seek a declaration from the Court that 7 Cups' conduct alleged herein constitutes a violation of California Business & Professions Code § 17200, *et seq.* under the unlawful, unfair, and fraudulent prongs of the UCL, as well as an order for appropriate equitable monetary relief as may be permissible under the UCL to prevent the employment or use of 7 Cups'

1    ill-gotten gains obtained as a result of the wrongful conduct of 7 Cups.

2        91.    Absent injunctive relief from the Court, 7 Cups is likely to not fully redress the issues

3    raised by its illegal business practices. Plaintiffs thus also seek injunctive relief, for themselves, other

4    Class Members, and for the benefit of the public, in the form of an order requiring 7 Cups to delete

5    all licensed therapists' professional profiles posted on www.7Cups.com without Plaintiffs' and Class

6    Members' express authorization.

7        92.    Pursuant to California Business & Professions Code § 17203, Plaintiffs also seek an

8    order of this Court for themselves, Class Members, and for the benefit of the public prohibiting 7

9    Cups from posting the professional profiles of any licensed therapist, including Plaintiffs and other

10   Class Members without their prior, express authorization.

11       93.    This action, if successful, will enforce an important right affecting the public interest

12   and would confer a significant benefit, whether pecuniary or non-pecuniary, for a large class of

13   persons and/or the general public. Private enforcement is necessary and places a disproportionate

14   financial burden on Plaintiffs in relation to Plaintiffs' respective stake in the matter. Because this

15   case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs

16   also seek the recovery of attorneys' fees and costs in prosecuting this action against 7 Cups under

17   California Code of Civil Procedure § 1021.5 and other applicable law.

18                                     **COUNT IV**
     **Violation of the False Advertising Law, Cal. Bus. and Prof. Code §§ 17500,** *et seq.*
19                         **(On Behalf of Plaintiffs and the Class)**

20       94.    Plaintiffs incorporate the foregoing allegations by reference as if fully set forth herein

21   to the extent relevant to this Count and the relief available thereunder, except as to entitlement to

22   any claims for damages, which are not sought in this Count.

23       95.    Plaintiffs assert this cause of action based on violations of California Business and

24   Professions Code § 17500, *et seq.* resulting from 7 Cups' misleading or deceptive advertising of its

25   Service as detailed above.

26       96.    7 Cups offered the Service for sale to consumers on www.7Cups.com, which

27   misrepresented the nature of the relationship (or lack thereof) between Plaintiffs and other Class

28   Members and 7 Cups, whether Plaintiffs and other Class Members participated in the Service and

1   whether Plaintiffs and other Class Members had authorized the publication of their professional

2   profiles on www.7Cups.com.

3       97.     In fact, 7 Cups failed to disclose that Plaintiffs and other Class Members had no

4   relationship with 7 Cups, did not participate in the Service and had not authorized the publication of

5   their professional profiles on www.7Cups.com.

6       98.     In addition to misrepresenting that Plaintiffs and other Class Members were affiliated

7   with 7 Cups, 7 Cups also misrepresented in its advertising and promotion of the Service that 1) its

8   platform, including its minimally trained "listeners," provided a safe and effective alternative to the

9   traditional psychotherapy or other counseling provided directly by Plaintiffs and other Class

10  Members, 2) it would contact Plaintiffs and other Class Members listed in its provider directory

11  when a consumer sought to do so through its platform, 3) it "worked hard" to contact Plaintiffs and

12  other Class Members listed in its provider directory when it failed to do so, and 4) using, and/or

13  paying for, its Service was a more readily accessible or convenient alternative than receiving

14  traditional psychotherapy or other counseling directly from Plaintiffs and other Class Members.

15      99.     The content on www.7Cups.com comes within the definition of advertising as

16  contained in California Business and Professions Code § 17500, *et seq.* in that it was intended to,

17  and did, induce consumers to purchase the Service. 7 Cups, in the exercise of reasonable care, should

18  have known that its statements and omissions were misleading and deceptive.

19      100.    In furtherance of said plan and scheme, 7 Cups has prepared and distributed, via

20  www.7Cups.com, statements that misleadingly and deceptively represented the true nature of the

21  relationship between 7 Cups and Plaintiffs and other Class Members, as well as the characteristics

22  of the Service.

23      101.    In disseminating the misleading and deceptive statements detailed above to

24  consumers, 7 Cups was and is likely to deceive reasonable consumers targeted by such conduct, by

25  misleading them as to material characteristics, uses and benefits of the Service, and by diverting

26  consumers from seeking counseling from its competitors, including Plaintiffs and other Class

27  Members, based on false or misleading representations of fact, in violation of California Business

28  and Professions Code § 17500, *et seq.*

1    102.    Plaintiffs suffered injury in fact and lost money or property as a result of 7 Cups'

2 illegal business acts and practices by 7 Cups diverting prospective patients and clients seeking

3 therapy and/or counseling from Plaintiffs to individuals employed by or otherwise affiliated with 7

4 Cups, many of whom are not licensed and have only minimal training. Plaintiffs also suffered injury

5 in fact and lost money or property as a result of 7 Cups' acts and practices by 7 Cups copying

6 Plaintiffs' professional profiles from www.psychologytoday.com and posting them, in whole or in

7 part, on www.7Cups.com, for the purpose of diverting prospective patients and clients seeking

8 counseling from Plaintiffs to individuals employed by or otherwise affiliated with 7 Cups, thereby

9 depriving Plaintiffs of the value of their monthly payments to Psychology Today for including their

10 professional profiles on www.psychologytoday.com.

11    103.    Plaintiffs and/or Class Members have also suffered (and will continue to suffer)

12 economic loss and other injury and a loss of money or property in the form of, inter alia: (i) losing

13 income by not counseling  prospective patients and clients seeking counseling from them who 7

14 Cups diverted to individuals employed by or otherwise affiliated with 7 Cups, and ii) losing the

15 value of their monthly payments to Psychology Today for including their professional profiles on

16 www.psychologytoday.com.As a result of the above violations of California Business and

17 Professions Code § 17500, *et seq.*, Plaintiffs, pursuant to California Business and Professions Code

18 § 17535, seek a declaration from the Court that 7 Cups' conduct alleged herein constitutes a violation

19 of California Business & Professions Code § 17500, et seq., as well as an order for appropriate

20 equitable monetary relief as may be permissible under to prevent the employment or use of 7 Cups'

21 ill-gotten gains obtained as a result of the wrongful conduct of 7 Cups.

22    104.    Plaintiffs are also entitled to an order of this Court enjoining such conduct on the

23 part of 7 Cups.

24    105.    Pursuant to California Business & Professions Code § 17535, Plaintiffs also seek an

25 order of this Court for themselves, Class Members, and for the benefit of the public prohibiting 7

26 Cups from posting the professional profiles of any licensed therapist, including Plaintiffs and other

27 Class Members without their prior, express authorization.

28    106.    This action, if successful, will enforce an important right affecting the public interest

1 and would confer a significant benefit, whether pecuniary or non-pecuniary, for a large class of

2 persons and/or the general public. Private enforcement is necessary and places a disproportionate

3 financial burden on Plaintiffs in relation to Plaintiffs' respective stake in the matter. Because this

4 case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs

5 also seek the recovery of attorneys' fees and costs in prosecuting this action against 7 Cups under

6 California Code of Civil Procedure § 1021.5 and other applicable law.

7

8 **COUNT V**
**Misappropriation of Name or Likeness In Violation of California Common Law and Cal.**
**Civ. Code § 3344**
9 **(On Behalf of Plaintiffs and the Class)**

10 107.    Plaintiffs incorporate by reference each of the above paragraphs in this Complaint as

11 though set forth fully herein.

12 108.    7 Cups used Plaintiffs' and other Class Members' names, photographs, likenesses

13 and/or identities by posting their professional profiles as they appeared on Psychology Today's

14 website, www.psychologytoday.com, on www.7Cups.com for purposes of advertising or selling, or

15 soliciting purchases of its Service, without Plaintiffs' or other Class Members' prior consent.

16 109.    Plaintiffs and other Class Members did not give their express prior authorization or

17 consent to the posting of their professional profiles on www.7Cups.com.

18 110.    7 Cups gained a commercial advantage from posting Plaintiffs' and other Class

19 Members' professional profiles on www.7Cups.com by using those profiles to divert the actual and

20 prospective patients and clients of Plaintiffs and other Class Members to other individuals employed

21 by or otherwise affiliated with 7 Cups, many of whom have virtually no formal training or licensing

22 required to perform such services.

23 111.    7 Cups' misappropriation of their names, likenesses and/or identities caused

24 Plaintiffs and other Class Members harm by 1) diverting prospective patients and clients seeking

25 counseling from them, for which those patients and clients would have paid a fee, to individuals

26 employed by or otherwise affiliated with 7 Cups, and 2) depriving them of the value of their monthly

27 payments to Psychology Today to post their professional profiles on www.psychologytoday.com.

28 112.    As a result of 7 Cups' violations of California common law governing the

misappropriation of names, photographs, likenesses and/or identities and California Civil Code § 3344, Plaintiffs and other Class Members are entitled to damages in an amount equal to the greater of seven hundred fifty dollars ($750) per person or the actual damages suffered by each of them as a result of the unauthorized use of their professional profiles, any profits 7 Cups realized attributable to the unauthorized use of their professional profiles and that are not taken into account in computing the actual damages, punitive damages, and attorney's fees and costs.

## COUNT VI
### Intentional Interference with Prospective Economic Advantage
### (On Behalf of Plaintiffs and the Class)

113.    Plaintiffs incorporate by reference each of the above paragraphs in this Complaint as though set forth fully herein.

114.    Plaintiffs and other Class Members had numerous prospective counseling relationships with consumers with the probability of future economic benefit to Plaintiffs and other Class Members.

115.    7 Cups knew about these economic relationships between Plaintiffs and other Class Members and consumers who were seeking counseling from them.

116.    7 Cups intentionally and wrongfully acted to disrupt these economic relationships by misleadingly and deceptively diverting consumers who were seeking counseling from Plaintiffs and other Class Members, whose professional profiles were posted on www.7Cups.com without their express authorization, to individuals employed by or otherwise affiliated with 7 Cups.

117.    7 Cups' intentional and wrongful actions actually disrupted these economic relationships between Plaintiffs and other Class Members and consumers who were seeking counseling from them.

118.    7 Cups' intentional and wrongful actions caused Plaintiffs and other Class Members to suffer economic harm, in an amount to be proven at trial.

## COUNT VII
### Negligent Interference with Prospective Economic Advantage
### (On Behalf of Plaintiffs and the Class)

119.    Plaintiffs incorporate by reference each of the above paragraphs in this Complaint as though set forth fully herein.

120.    Plaintiffs and other Class Members had numerous prospective counseling relationships with consumers with the probability of future economic benefit to Plaintiffs and other Class Members.

121.    7 Cups knew or should have known about these economic relationships between Plaintiffs and other Class Members and consumers who were seeking counseling from them.

122.    7 Cups knew or should have known that these economic relationships would be disrupted by it failing to act with reasonable care in misleadingly and deceptively diverting consumers who were seeking counseling from Plaintiffs and other Class Members, whose professional profiles were posted on www.7Cups.com without their express authorization, to individuals employed by or otherwise affiliated with 7 Cups.

123.    7 Cups' wrongful actions actually disrupted these economic relationships between Plaintiffs and other Class Members and consumers who were seeking counseling from them.

124.    7 Cups' negligent and wrongful actions caused Plaintiffs and other Class Members to suffer economic harm, in an amount to be proven at trial.

## COUNT VIII
### Unjust Enrichment
### (On Behalf of Plaintiffs and the Class)

125.    Plaintiffs incorporate the foregoing allegations by reference as if fully set forth herein to the extent relevant to this Count and the relief available thereunder.

126.    7 Cups benefited from receiving Plaintiffs' and Class Members' online professional profiles and using those professional profiles for its own monetary benefit. 7 Cups understood the receipt of such monetary benefits, including by being able to obtain and retain subscribers for its Service who may be seeking counseling from Plaintiffs and other Class Members.

127.    7 Cups should not be allowed to retain such benefits and excess profits because 7 Cups obtained money or property as a result of the use of Plaintiffs' and Class Members' online professional profiles for its own monetary benefit.

128.    7 Cups also understood and appreciated that Plaintiffs' and other Class Members' online professional profiles were valuable and that the value of such professional profiles depended on prospective patients and clients not being redirected from those professional profiles to other

CLASS ACTION COMPLAINT

individuals employed by or otherwise affiliated with 7 Cups.

129.    Under the principles of equity and good conscience, 7 Cups should not be permitted to retain money that has been unjustly obtained and retained as a result of its misuse of Plaintiffs' and other Class Members' online professional profiles.

130.    7 Cups wrongfully accepted and retained these benefits to the detriment of Plaintiffs and Class Members.

131.    7 Cups' enrichment at the expense of Plaintiffs and other Class Members is and was unjust.

132.    As a result of 7 Cups' wrongful conduct, as alleged above, Plaintiffs and Class Members are entitled to restitutionary and exemplary damages and disgorgement of all profits, benefits, and other compensation obtained or retained by 7 Cups attributable to such wrongful conduct.

133.    Plaintiffs, on behalf of themselves and other Class Members, seek relief as further described below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all Class Members, and for the benefit of the public as applicable, pray for orders and judgment in favor of Plaintiffs and against 7 Cups as follows, as may be applicable to the causes of action set forth above:

- Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class defined herein;
- Designating Plaintiffs as a representative of the Class and Plaintiffs' counsel as Class Counsel;
- Ordering, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, recovery of (1) 7 Cups' profits, (2) up to three times the actual damages sustained by Plaintiff and other Class Members, (3) the costs of the action, and (4) reasonable attorney fees, in amounts to be proven at trial;

- Declaring that 7 Cups' conduct alleged herein constitutes a violation of California Business & Professions Code §§ 17200, *et seq.* under the unlawful, unfair, and fraudulent prongs of the UCL;

- Awarding Plaintiffs and Class Members injunctive and equitable monetary relief for 7 Cups' violations of the UCL, California Business & Professions Code §§ 17200, *et seq.*;

- Declaring that 7 Cups' conduct alleged herein constitutes a violation of the FAL, Business & Professions Code §§ 17500, *et seq.*;

- Awarding Plaintiffs and Class Members injunctive and equitable monetary relief for 7 Cups' violations of the FAL, California Business & Professions Code §§ 17500, *et seq.*;

- Declaring that 7 Cups' conduct alleged herein constitutes a violation of California common law governing the misappropriation of names, photographs, likenesses and/or identities and California Civil Code § 3344;

- Awarding Plaintiffs and Class Members damages in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by each of them as a result of the unauthorized use of their professional profiles, any profits 7 Cups realized attributable to the unauthorized use of their professional profiles and that are not taken into account in computing the actual damages, punitive damages, and attorney's fees and costs;

- Awarding Plaintiffs and Class Members compensatory damages, disgorgement of profits, and punitive damages for 7 Cups' actions of interfering with prospective economic advantage;

- Awarding restitutionary and exemplary damages and disgorgement of all profits, benefits, and other compensation obtained or retained by 7 Cups attributable to its acts of unjust enrichment;

- Awarding pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

CLASS ACTION COMPLAINT

1        • Awarding attorneys' fees and costs as authorized by statute and governing law,

2            including but not limited to California Code of Civil Procedure § 1021.5; and

3        • Awarding such other and further relief, at law and in equity, as the nature of this case

4            may require or as this Court deems just and proper.

5                                **JURY TRIAL DEMANDED**

6        Plaintiffs demand a trial by jury on all issues so triable.

7    Dated: June 16, 2025

8                                            */s/ Alan M. Mansfield*

9                                            Alan M. Mansfield (SBN 125998)
                                             **WHATLEY KALLAS, LLP**
10                                           1 Sansome Street, 35th Floor
                                             PMB #131
11                                           San Francisco, CA 94104 /
                                             16870 West Bernardo Dr., Ste. 400
12                                           San Diego, CA 92127
                                             Phone: (619) 308-5034
13                                           Fax: (888) 341-5048
                                             amansfield@whatleykallas.com
14

15                                           Deborah J. Winegard
                                             (*to apply for admission pro hac vice*)
16                                           **WHATLEY KALLAS, LLP**
17                                           1068 Virginia Avenue NE
                                             Atlanta, GA 30306
18                                           Telephone: (404) 607-8222
                                             Facsimile: (404) 220-8625
19                                           E-mail: dwinegard@whatleykallas.com

20                                           Patrick J. Sheehan
21                                           (*to apply for admission pro hac vice*)
                                             **WHATLEY KALLAS, LLP**
22                                           101 Federal Street, 19th Floor
                                             Boston, MA 02110
23                                           Telephone: (617) 203-8459
                                             Facsimile: (800) 922-4851
24                                           E-mail: psheehan@whatleykallas.com

25

26                                           *Attorneys for Plaintiffs*

27

28

CLASS ACTION COMPLAINT