Alan M. Mansfield (SBN: 125998)
**WHATLEY KALLAS, LLP**
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste. 400
San Diego, CA 92127
Telephone: 619- 308-5034
Fax: 888-341-5048
Email: amansfield@whatleykallas.com

[additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **JACQUELINE VORPAHL, Ph.D.; KARA NIELSON, LCPC; and BILL DESIENA, LCSW,** on behalf of themselves and all others similarly situated and for the benefit of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>**7 CUPS OF TEA, CO.**, and **DOES 1-10**,<br><br>Defendants. | Case No. 5:25-cv-05088-EJD<br><br>**CLASS ACTION**<br><br>PLAINTIFFS' AMENDED NOTICE OF MOTION AND MOTION TO ENTER DEFAULT JUDGMENT OR DIRECT ENTRY OF DEFAULT AGAINST DEFENDANT AS A SUSPENDED AND FORFEITED CORPORATION PURSUANT TO FED. R. CIV. PROC. 55; MEMORANDUM OF POINTS AND AUTHORITIES AND SUPPORTING DECLARATION OF ALAN M. MANSFIELD<br><br>Date: August 21, 2025<br>Time: 9:00 A.M.<br>Courtroom: 4<br><br>Initial Status Conference:<br>September 4, 2025 at 10:00 a.m. |

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. Rule 55 (a) and (b)(2), and U.S. District Ct. N.D. Cal. Local Civil Rules, Rule 6-2, on August 21, 2025 at 9 a.m. in Courtroom 4 of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, CA 95113 before the Hon. Edward J. Davila, Plaintiffs Jaqueline Vorpahl, Ph.D., Kara Nielson, LCPC, and Bill DiSiena, LCSW will move the Court for an Order that as Defendant 7 CUPS OF TEA, CO. cannot appear and defend this action as a forfeited and suspended corporation, default judgment and/or default must be entered against it.

**ISSUE PRESENTED**

Under California Revenue and Taxation Code § 23301, does a defendant who is a corporation domiciled in California and whose status in California is identified as a forfeited corporation lose its powers and privileges, including the ability to defend legal proceedings, and thus cannot appear in this action or file a response such that default judgment and/or default must be entered against it?

**MEMORANDUM OF POINTS AND AUTHORITIES**

This is a class action lawsuit filed by Plaintiffs against Defendant 7 Cups of Tea, Co. ("7 Cups") arising out of allegations that 7 Cups has taken Plaintiffs' names, identities, and reputations and placed them on the 7 Cups' website without their consent and without compensation, thereby misappropriating their likenesses and reputations and falsely advertising the availability of their services through 7 Cups using inaccurate information. The Complaint alleges that 7 Cups' misrepresentations mislead consumers and inure significant financial benefit to 7 Cups.

The Complaint was served on June 24, 2025. Defendant's deadline to file a response to that Complaint has been extended at its request. Plaintiffs will separately stipulate to extend that deadline to a date after this Motion has been heard, reserving and without waiver of all rights to bring this Motion (see accompanying Declaration of Alan M. Mansfield ("Mansfield Decl." at ¶5). This Motion is not being filed at this time due to a failure by 7 Cups to appear but because 7 Cups cannot appear and defend this action, for the reasons set forth below.

7 Cups is a California-domiciled corporation, with its corporate offices located at 828B Bryant Street, Palo Alto, CA 94301-2707. See Statement of Information on file with the California

Secretary of State, Mansfield Decl. Ex. 1. According to the official records of the California Secretary of State, 7 Cups is currently listed as "FTB Forfeited". See Mansfield Decl., Exs. 1 and 2. This means 7 Cups has been suspended and its corporate status forfeited by the California Franchise Tax Board ("FTB") for failure to meet its tax obligations (e.g., due to the non-filing of tax returns and/or the non-payment of taxes). According to this official record, this is not an isolated occurrence -- 7 Cups has been in this forfeited status since 2021, such that it is four years' tax delinquent. *Id.*, Ex. 1. And in the last three weeks 7 Cups' registered agent for service of process has officially resigned, which is another requirement of doing business in California. *Id.* This certificate constitutes *prima facie* evidence of 7 Cups' suspended and forfeited status. California Revenue and Taxation Code § 23302 (c).[1]

Pursuant to California Revenue and Taxation Code § 23301, a forfeited corporation loses its powers and privileges, including the ability to maintain or defend legal proceedings. Specifically, pursuant to that section "the powers, rights, and privileges of a domestic taxpayer may be suspended, and the exercise of the powers, rights, and privileges of a foreign taxpayer in this state may be forfeited" if a corporation fails to pay taxes or file appropriate tax returns. Thus, a corporation such as 7 Cups that is identified as forfeited by the FTB: (a) loses its powers, rights, and privileges, including the right to defend itself in court, and (b) cannot prosecute or defend lawsuits, enter into contracts, or legally operate in this State under California Revenue and Taxation Code § 23301.

California state appellate courts have consistently held that a corporation may not defend against a lawsuit while an FTB forfeiture is in effect. A corporation suspended and identified as forfeited under California Revenue and Taxation Code § 23301 "cannot . . . prosecute or defend an action, seek a writ of mandate, appeal from an adverse judgment, or renew a judgment obtained before suspension." *City of San Diego v. San Diegans for Open Gov't,* 3 Cal. App. 5th 568, 577 (2016). In addition, "substantive defenses accruing during corporate suspension may not be applied

---

[1] As true and correct copies of an official government record, Plaintiffs request the Court take judicial notice of these documents pursuant to Fed. R. Ev. 201(b).

2
PLAINTIFFS' AMENDED NOM, MPA, AND AMM DECL. ISO OF MOTION TO ENTER DEFAULT JUDGMENT CASE NO: 5:25-CV-05088-EJD

to the benefit of a now-revived corporation." *Benton v. County of Napa*, 226 Cal. App. 3d 1485, 1491 (1991) (citations omitted). As 7 Cups engaged in the illegal conduct at issue during the period of its suspension (starting in at least 2021 and ongoing), any substantive defenses it may assert in defense to this action also cannot be revived, even if it later complies with its FTB obligations (which in light of its failure to comply with California's tax laws for the past four years, is unlikely).

This limitation is recognized and enforced in federal courts. If a corporation based or operating in California is in forfeited status, a federal court will treat it as lacking legal capacity to defend litigation brought against it. *621 Two LLC v. LeGett,* 2021 U.S. Dist. LEXIS 188534, *9 (C.D. Cal. July 9, 2021). While 7 Cups is incorporated in Delaware and its status there is not clear (Mansfield Decl. at ¶4), whatever that status is not relevant to this determination since, by its express language, Section 23301 applies to both domestic and foreign corporations. In *Trajkovski Invest AB v. I.Am.Plus, Elecs., Inc*. 2022 U.S. Dist. LEXIS 142207, *4-5 (C.D. Cal Aug. 9, 2022), a defendant that was a foreign corporation sought relief from a final judgment entered against it based on a foreign arbitral award. As of the time the lawsuit was filed and final judgment was entered confirming that award, the defendant's foreign corporation registration with the California Secretary of State was shown as "FTB forfeited" for failure to meet its tax obligations. The court found "'[a] corporation's incapacity to sue or defend in state court also *precludes it from suing or defending in federal court.*' AMESCO Exp., Inc. v. Associated Aircraft Mfg. & Sales, Inc.*, 977 F. Supp. 1014, 1015 (C.D. Cal. 1997) (citing *In re Christian & Porter Aluminum Co.,* 584 F.2d 326, 331 (9th. Cir. 1978))." (emphasis added). Relevant to this Motion, the Court went on to conclude: "Generally, foreign corporations that do not conduct intrastate business need not register. See Cal. Corp. Code § 2105(a). However, once a foreign corporation does register, if the corporation later forfeits that registration, '[a] status of 'forfeited' applies . . . and holds the same legal consequences as a 'suspension' for a domestic corporation.'" *Id.* at *5 (citations omitted). The Court held: "I.AM.PLUS does not cite to any apposite precedent supporting the notion that a forfeited foreign entity may nevertheless defend an action brought against them in California. *The Court therefore cannot conclude that I.AM.PLUS may move for relief from judgment despite its forfeited registration*

3
PLAINTIFFS' AMENDED NOM, MPA, AND AMM DECL. ISO OF MOTION TO ENTER DEFAULT JUDGMENT CASE NO: 5:25-CV-05088-EJD

*status*." *Id.* (emphasis added).

This Court must reach the same conclusion, as 7 Cups is domiciled, based in and registered as a corporation to do business in California. Because 7 Cups is currently in "FTB Forfeited" status, it cannot appear or defend itself in this action. Any attempts to respond to lawsuits, file motions, seek relief from this Court or participate in any court proceedings would necessarily be deemed void or unauthorized as no legal action can be validly taken by 7 Cups while its suspension and forfeiture remains in effect. As it cannot properly appear or file any formal response (other than in response to this Motion), and as the wrongful conduct at issue took place during the period of forfeiture or suspension, pursuant to Fed. R. Civ. Proc. Rule 55(a) and (b)(2), the Court must enter a default judgment or direct the Clerk to enter default against Defendant and conduct proceedings consistent with that default.

Dated: July 17, 2025

Alan M. Mansfield (SBN 125998)
**WHATLEY KALLAS, LLP**
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Dr., Ste. 400
San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048
amansfield@whatleykallas.com

Deborah J. Winegard
(*to apply for admission pro hac vice*)
**WHATLEY KALLAS, LLP**
1068 Virginia Avenue NE
Atlanta, GA 30306
Telephone: (404) 607-8222
Facsimile: (404) 220-8625
E-mail: dwinegard@whatleykallas.com

Patrick J. Sheehan
(*to apply for admission pro hac vice*)
**WHATLEY KALLAS, LLP**
101 Federal Street, 19th Floor
Boston, MA 02110
Telephone: (617) 203-8459

Facsimile: (800) 922-4851
E-mail: psheehan@whatleykallas.com

*Attorneys for Plaintiffs*

## **DECLARATION OF ALAN M. MANSFIELD**

I, Alan M. Mansfield, declare:

1.     I am an attorney duly admitted to practice before this Court. I am of counsel to the law firm of Whatley Kallas, LLP, counsel for Plaintiffs in the *Vorpahl* Action. I have personal knowledge of the facts set forth below.

2.     Attached as Exhibit 1 is a true and correct copy of the summary Statement of Information on file with the California Secretary of State establishing that Defendant 7 Cups of Tea, Co. lists its official corporate address as 828B Bryant Street, Palo Alto, CA 94301-2707 and is domiciled in California, and listing its status as "Forfeited - FTB/SOS". A copy of this document was downloaded by my office from www.sos.ca.gov on July 15, 2025. In addition, Defendant's listed agent for service of process filed a notice of resignation as of June 26, 2025.

3.     Attached as Exhibit 2 is a true and correct copy of the current official record of the California Secretary of State showing that Defendant 7 Cups of Tea, Co. is currently FTB Forfeited and that "The above referenced entity's powers, rights and privileges are forfeited in California.". A copy of this document was downloaded by my office from www.sos.ca.gov on July 15, 2025.

4.     While not relevant to the determination of this Motion, my office has submitted the paperwork and paid the required fee to the Delaware Secretary of State to determine the current corporate status of Defendant 7 Cups of Tea, Co. in that state (which it indicates on Ex. 1 is its state of incorporation). As of the date of this Declaration we have not received confirmation of its current corporate status from the Delaware Department of State.

5.     On the afternoon of July14, 2025 I received an email from Collin Vierra of Eimer Stahl, LLP, stating that he represented 7 Cups of Tea, Co. and requesting Plaintiffs agree to extend the time for Defendant to respond to the Complaint. As evidenced by the Proof of Service previously filed with this Court (ECF 7), its response to the Complaint was due on July 15, 2025. Without waiver of and reserving all rights, I communicated in a letter to Mr. Vierra later that day that Plaintiffs were willing to agree to defer the Defendant's response to the operative Complaint, which we agree should be deferred until the end of August pending the Court's ruling on this

Motion. Plaintiffs will separately provide a stipulation to extend that deadline to a date after this Motion has been heard, reserving all rights to bring and assert this Motion. Mr. Vierra has separately confirmed he was authorized to accept papers on behalf of 7 Cups of Tea, Co. and these moving papers shall be served upon him.

6. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17th day of July, 2025 at San Diego, California.

                                        */s/ Alan M. Mansfield*
                                        ALAN M. MANSFIELD

7
PLAINTIFFS' AMENDED NOM, MPA, AND AMM DECL. ISO OF MOTION TO ENTER DEFAULT JUDGMENT CASE NO: 5:25-CV-05088-EJD